# EXHIBIT A

## CLAIRE OLIVER GALLERY
NEW YORK

### ARTIST REPRESENTATION AND ART WORK CONSIGNMENT AGREEMENT

THIS AGREEMENT, effective this day of is by and between Claire Oliver Gallery, a fine art gallery, to be known as Gallery for the purposes of this document, with its principal place of business at 513 west 26th street, New York, NY 10001 USA and Bisa Butler a fine artist, to be known as Artist for the purposes of this document, with her studio address at 24 Birch St. West Orange NJ .

BACKGROUND:

WHEREAS, Artist designs and creates original works of art that are exhibited and sold in art galleries;

WHEREAS, Gallery owns and operates an art gallery and represents Artists in the marketing and sale of their works of art;

WHEREAS, Artists desires Gallery to represent her on the terms set forth herein; and

WHEREAS, Gallery desires to represent Artist on the terms set forth herein.

NOW, THEREFORE, the parties, in consideration of the Background Recitals and for good and valuable consideration, the sufficiency of which is acknowledged and intending to be legally bound hereby agree as follows;

1. TERM. The term of this Agreement ("Term") shall begin on the date written above and, unless terminated sooner in accordance with this Agreement, shall continue in effect for five years, at the end of which time it will automatically renew, unless stipulated against in writing by one of the parties to the other with sixty days notice prior to the date of expiration.

2. ART WORKS. The parties hereby agree:

2.1. "Art Work" shall mean any original art work, including but not limited to textile, drawings, paintings, sculpture, photography, installation and mixed media works of art designed and created by the Artist.

2.2. Artist shall deliver to Gallery any available completed Art Works as they are available or upon Gallery's request.

2.3. Artist shall be responsible for all costs and expenses to design, create, display and deliver all Art Work to Gallery's New York City art gallery FOB/New York City.

2.4. During the Term of this Agreement, Artist shall not solicit, exhibit, display or sell any Art Work to any other art gallery, private individual or public institution unless said exhibition or sale is organized through the Gallery. Gallery holds international exclusivity to represent Artist.

2.5. The forgoing notwithstanding, Gallery will use its best efforts to create opportunities for Artist to exhibit work at other venues, including but not limited to museums, institutions and other important galleries.

3. Gallery's OBLIGATIONS. During the Term of this agreement Gallery shall:

3.1. Using their best efforts to develop and implement a comprehensive marketing plan for marketing and promotion of the Artist and her Art Works;

3.2. Organize, market and stage at least one solo exhibition of the Art Works in its' New York City art gallery, to be held or at such other time as the Artist and Gallery may agree to.

3.3. Compensate Artist for the Art Works as provided in Section 4.

3.4. Maintain theft and casualty insurance on all Artist's consigned Art Work in Gallery's possession and control.

4. PURCHASE PRICE and PAYMENT. Artist and Gallery agree:

4.1 Gallery shall set the price of each art work to be sold. Said price will be in consultation with the Artist and will not increase or decrease without mutual agreement.

4.2. Artist shall be paid one half of the sales price (cash received) for each Art Work that Gallery sells to a buyer. This amount will be paid within thirty days of the sale. The "date of sale" shall be the date upon which Gallery is paid in full. The forgoing notwithstanding, should the Gallery enter into a protracted installment payment plan with a buyer, Artist will be paid one half of each installment.

4.3. Gallery shall be paid the balance of the sales price as a commission on the sale.

5. TITLE. The delivery of any Art Work to Gallery shall be deemed a representation and warranty from the Artist that she has title to the Art Work free and clear of any and all liens and encumbrances of any kind. All Art Works delivered to Gallery hereunder are consigned to Gallery and Gallery shall possess and control the consigned Art Works as Artist's sales agent only and title shall pass directly from the Artist to the buyer upon payment to Gallery of the full sales price for the Art Work. The foregoing notwithstanding, title to those Art Works purchased shall vest in Gallery upon payment of the required amount.

6. INTELLECTUAL PROPERTY RIGHTS. Artist hereby retains all copyright and other intellectual property rights for her Art Works.

7. TERMINATION.

This Agreement may be terminated upon notice from Artist if:

7.1. If Gallery fails to cure any material breach of this Agreement within Thirty (30) days of notice from Artist of the nature of such breach.

The Agreement may be terminated upon notice from Gallery if:

7.2. Artist becomes disabled or fails to produce artworks as set forth. Artist shall be "disabled" if Artist is
unable to perform duties, obligations and liabilities hereunder due to mental or physical illness.

7.3 If Artist acts in any manner injurious to Gallery's good name or business.

7.4. Artist violates provisions as set forth in section two of this contract.

8. OBLIGATIONS UPON TERMINATION.

Upon any termination of this contract, Gallery shall:

3 | Page

8.1. Pay any amounts due to Artist.
8.2. Relinquish control of all Art Works then in the possession or control of Gallery and not sold to a buyer, to Artist, FOB/ Gallery's New York Address.
8.3. Artist may not solicit or contact any collectors, clients, museums or contacts of any sort made through or with the help of Gallery for a period of five years.
8.4. Artist shall immediately repay any advanced moneys from Gallery.
9. REMEDIES. The remedies provided hereunder are cumulative and, except as otherwise provided, any party may seek any available remedy, at law, equity or otherwise, to enforce the provisions hereof. Each party hereby agrees that the rights granted to other party hereunder are unique and valuable and that damages may not adequately compensate the other party for any breach of the provisions hereof. Accordingly, either party may seek injunctive relief, in addition to any other remedy available at law, in equity or otherwise, to prevent any threatened or continuing breach of this Agreement or to otherwise enforce their rights hereunder.
10. ARBITRATION. Any dispute arising hereunder, except an action for equitable relief, shall be brought before the American Arbitration Association in New York, New York before a single arbitrator selected according to the AAA's commercial arbitration rules. The arbitration shall be conducted according to the AAA's commercial arbitration rules and the arbitrator's ruling shall be binding upon the parties and shall be enforceable by any court of competent jurisdiction.
11. NOTICES. All notices shall be sent to each party at the address set forth above or to such other address as a party may otherwise direct in writing to each of the other parties. All notices shall be hand delivered, delivered by reputable overnight carrier or by US mail, first class, postage prepaid, return receipt requested and shall be deemed given when delivered.
12. ASSIGNMENT. No party may assign any of its rights or duties, liabilities and obligations here under to any third party.
Any attempted assignment shall be null and void and be deemed of no effect.
13. HEADINGS. The headings used herein are for reference purposes only and shall not effect the interpretation or meaning of this Agreement in any way.
14. INTEGRATION AND AMENDMENTS. This Agreement represents the entire understanding and agreement to the parties with respect to the subject matter hereof and supersedes all prior agreements, written, oral or otherwise, by or among the parties. This Agreement may be amended only the mutual agreement of the parties' in writing and signed by all parties hereto.
15. COUNTERPARTS. This Agreement may be executed in counterparts and each such counterpart shall be deemed an original Instrument, all such counterparts when taken together shall constitute a fully executed Agreement.
IN WITNESS WHEREOF, the parties have entered into this Agreement on the date set forth above.
By: Artist: Bisa Butler: x_____

4 | Page

By: Gallery: Claire Oliver: x _____(signature)_____  03.30.2017